UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORK TIMES COMPANY :
and JULIE TURKEWITZ,
:
          Plaintiffs,
:
                              Civil Action No. 1:17-cv-9883
          v. :

UNITED STATES DEPARTMENT OF THE INTERIOR, :

          Defendant. :

:

---

## COMPLAINT

Plaintiffs THE NEW YORK TIMES COMPANY and JULIE TURKEWITZ, by their undersigned attorney, allege for their Complaint:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain an order for the production of agency records from Defendant United States Department of the Interior ("DOI") in response to a FOIA request properly made by Plaintiffs.

2. The FOIA request at issue in this action seeks correspondence to and from Secretary of the Interior Ryan Zinke and members of his staff concerning Bears Ears National Monument, a United States National Monument that the federal government plans to reduce in size and open up to mining and drilling.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because The New York Times Company has its principal place of business there.

5. Plaintiffs have exhausted all administrative remedies available. The DOI has failed to make an initial determination with respect to Plaintiffs' request within the timeframe set by FOIA, and Plaintiffs therefore are deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## Parties

6. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com, and is headquartered in this judicial district at 620 Eighth Avenue in Manhattan.

7. Plaintiff Julie Turkewitz is a reporter for *The New York Times* and an employee of The New York Times Company.

8. Defendant DOI is a federal government agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551. The DOI has possession and control of the records Plaintiffs seek.

## Facts

9. On or about August 25, 2017, The New York Times Company, through Julie Turkewitz, submitted a FOIA request to the Department of Interior (OS-2017-01097) for "all email correspondences from and to Sec. Ryan Zinke regarding national monuments." A true and correct copy of that request is annexed as Exhibit A.

10. On September 11, 2017, Ms. Turkewitz received a phone call from Karmen Young at DOI, who suggested that Ms. Turkewitz limit the scope of her request so that she would receive the information in a speedier manner. Ms. Turkewitz complied, and provided the following clarification: "Please send all email correspondence from and to Secretary Ryan Zinke,

Downey Magallanes, and other members of Secretary Zinke's staff regarding Bears Ears National Monument between January 20, 2017 [and] the present date." A true and correct copy of that email is annexed as Exhibit B.

11. The DOI has failed to issue a response to the request within 20 business days, as required under FOIA.

## COUNT I

12. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

13. Defendant DOI is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

14. Defendant's failure to timely respond to the request and make the records requested available violates the FOIA. *See* 5 U.S.C. §§ 552(a)(6)(A) and 552(a)(3)(A). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

15. The DOI has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

16. Accordingly, Plaintiffs are entitled to an order compelling the DOI to produce records responsive to their FOIA request.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request this Court to:

1. Declare that the records sought by Plaintiffs in their FOIA request are public records under 5 U.S.C. § 552(a)(2)(D), which should be promptly disclosed pursuant to 5 U.S.C. §§ 552(a)(6)(A) and 552(a)(3)(A) and Defendant's corresponding regulations;

2. Order Defendant to conduct a thorough search for all records responsive to Plaintiffs' FOIA request;

3. Order Defendant to immediately process and release responsive information within 20 business days of the Court's order;

4. Order Defendant to disclose all improperly withheld or redacted information;

5. Award Plaintiffs the costs and reasonable attorney's fees incurred in this action; and

6. Grant such other relief as this Court deems just and proper.

Date: December 18, 2017                    Respectfully submitted,

By: /s/ Charles S. Sims
Charles S. Sims, supervising attorney
MEDIA FREEDOM & INFORMATION ACCESS CLINIC
ABRAMS INSTITUTE
Yale Law School
11 Times Square, Room 2376
New York, NY 10036
Tel: 917.612.6575
Fax: 212.969.2900
charles.sims@ylsclinics.org

John Langford, supervising attorney
Allison Douglis, law student intern
Delbert Tran, law student intern
MEDIA FREEDOM & INFORMATION ACCESS CLINIC
ABRAMS INSTITUTE
Yale Law School
P.O. Box 208215
New Haven, CT 06520
Tel: 203.436.5831
Fax: 203.432.3034
john.langford@ylsclinics.org